# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>    Petitioner,<br><br>    v.<br><br>J. MACOMBER,<br><br>    Respondent. | Case No. 1:17-cv-01100-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 8) |

Petitioner is a state prisoner who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 6, 2017, the Court dismissed Petitioner's unauthorized successive petition and declined to issue a certificate of appealability. (ECF No. 7).

On September 22, 2017, the Court received the instant motion, wherein Petitioner appears to move the Court to reconsider its previous denial of a certificate of appealability.[1] (ECF No. 8 at 2).[2] If, as here, a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[1] Petitioner's filing lists several of his case numbers in this Court and the Ninth Circuit Court of Appeals. It also includes copies of some of the Court's previous orders in the instant proceeding in addition to docket sheets and copies of court orders in his other cases. The Court will construe Petitioner's submission as a motion for reconsideration in the instant case. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally . . . .").

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  of a constitutional right and that jurists of reason would find it debatable whether the district
2  court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where
3  a plain procedural bar is present and the district court is correct to invoke it to dispose of the
4  case, a reasonable jurist could not conclude either that the district court erred in dismissing the
5  petition or that the petitioner should be allowed to proceed further." Id.

6      In the motion for reconsideration, Petitioner fails to advance any arguments or present
7  issues that were not previously considered by this Court. Here, the plain procedural bar against
8  successive petitions is present, and there is no evidence that the Ninth Circuit has authorized
9  Petitioner to file a successive habeas petition. Petitioner does not establish that a certificate of
10 appealability is warranted.

11     Accordingly, Petitioner's motion for reconsideration (ECF No. 8) is denied.

12 IT IS SO ORDERED.
13

14     Dated:  **September 28, 2017**        /s/ Erin P. Gross
15                                             UNITED STATES MAGISTRATE JUDGE